**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Dana L. Dixon, Appellant,

v.

S.C. Department of Mental Health, Employer, and State Accident Fund, Carrier, Respondents.

Appellate Case No. 2021-000121

---

Appeal From The Workers' Compensation Commission

---

Unpublished Opinion No. 2022-UP-396
Submitted October 1, 2022 – Filed November 2, 2022

---

**AFFIRMED**

---

Dana L. Dixon, pro se.

M. Stephen Stubley, of Speed, Seta, Martin, Trivett & Stubley, LLC, of Columbia, for Respondents.

---

**PER CURIAM:** Dana L. Dixon appeals an order from the Appellate Panel of the South Carolina Workers' Compensation Commission (the Appellate Panel) finding she failed to establish she sustained a compensable injury to her right shoulder. Dixon argues twenty-eight issues on appeal. We affirm.

We hold substantial evidence supports the Appellate Panel's finding that Dixon failed to meet her burden of proving she sustained a compensable injury to her right shoulder as a result of her January 31, 2017 work accident. *See Liberty Mut. Ins. Co. v. S.C. Second Injury Fund*, 363 S.C. 612, 619, 611 S.E.2d 297, 300 (Ct. App. 2005) ("The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of decisions of the workers' compensation commission."); *Bursey v. S.C. Dep't of Health & Env't Control*, 360 S.C. 135, 141, 600 S.E.2d 80, 84 (Ct. App. 2004) ("A court can reverse an agency's findings, inferences, conclusions or decisions only if they are . . . 'clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record . . . .'" (quoting *Waters v. S.C. Land Res. Conservation Comm'n*, 321 S.C. 219, 226, 467 S.E.2d 913, 917 (1996))); *Murphy v. Owens Corning*, 393 S.C. 77, 86, 710 S.E.2d 454, 458 (Ct. App. 2011) ("We review the Commission's factual findings of whether a claimant is entitled to compensation for aggravation of a pre-existing condition under the substantial evidence standard of review."); *Shealy v. Aiken Cnty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) ("Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the [Appellate Panel] reached."); S.C. Code Ann. § 42-9-35(A) (2015) ("The employee shall establish by a preponderance of the evidence, including medical evidence, that: (1) the subsequent injury aggravated the preexisting condition or permanent physical impairment; or (2) the preexisting condition or the permanent physical impairment aggravates the subsequent injury."); S.C. Code Ann. § 42-9-35(C) (2015) (defining "medical evidence" as "expert opinion or testimony stated to a reasonable degree of medical certainty, documents, records, or other material that is offered by a licensed health care provider").

To the extent Dixon makes allegations regarding the way her claim was handled, how her complaints of pain were recorded in the medical records, her diagnoses, the medical treatment she received, forms she completed after the injury, her previous attorney, the definition of "arm," subpoenas for medical records, her doctor allegedly "popping a pill," and her return to work status after the injury occurred, we find these arguments not preserved because the Appellate Panel did not rule on them. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.